Curia, per Evans, J.
This Court, of course, has nothing to do with the policy of the Ordinance. It may be very unjust, oppressive and partial, or it may be one of those wise measures of prevention, which experience has rendered necessary to circumvent the cunning of those who look more to their private gain than the interest of society. The questions, which it is proper for this Court to consider, are twofold ; first, of fact — and second, of law. As to the first, whether the defendant was the owner and keeper of the shop, that has been decided by the jury on evidence entirely satisfactory to this Court. The questions of law which seem to be embraced in the grounds of appeal, are:
*257 1. That the Ordinance is in derogation of the common rights of the citizen.
2. That it is not within the powers delegated to the City Council.
3. That it.is in violation of the Constitution of the United States.
1 do not know that I exactly comprehend what is meant by the common rights of the citizen. I suppose it means rights which are common to all. That which is not prohibited may be lawfully done, but that which is prohibited by law, no one has a right to do. If there was no law interfering, the butcher might kill his beeves and his hogs in the street. If the butcher could do it any man might, and it might, therefore, be said to be a common right; but when the law prohibited it, it was no longer a common right.— Before the Ordinance of 1840, it was the common right of every citizen to keep spirituous liquors in his retail shop or any where else at his pleasure; but when it was found by experience that this was an easy method of violating the law prohibiting shop keepers front selling spirits to slaves and cab loafers about town; and an Ordinance was passed to piohibit such shop-keepers from keeping it in their shops and in secret back rooms adjoining, it was no longer a common right, but a legal restraint imposed on a few for the benefit of the many.
2. Is the Ordinance within the powers delegated to the Council by the charter of the city? If it were necessary to enter into that discussion, I think there would be no difficulty in making the affirmative very plain : but the question has been already decided in the case of The City Council v. Hieginbottle, where, the precise question was made and decided.
3. Is the Ordinance a violation of the Constitution of the United States ? But for what is said in the 4th ground of appeal, I should be at a loss to know what article of the Constitution of the United States is the one supposed to be violated. In that ground it is said that “ brandy and gin being lawful goods, paying duty, any citizen is protected in holding the same.”
By the Act of 1836, it is enacted “ that upon all constitutional questions arising out of the Constitution of this State or the United States, an appeal shall lie to the whole of the Judges assembled to hear such appeals.” The 8th section provides that the Judges so assembled shall form a Court for the correction of errors, and it shall be the duty of the said Judges to make all proper rules and regulations for the practice of the said Court of Errors, and for the mode of. bringing causes before them. As a Constitution is nothing more than an assertion of the great fundamental principles of gov *258 ernment, the terms by which powers are granted or their exercise lestrained, musí be veiy general. It lollows from this that if every case which, in the opinion of the appellant’s attorney, involved some of the grants or restrictions of the Constitution, must go to the Court of Enors, there would be no end of the business of that Court. Accordingly when the case of Pell v. Ball was before the Court, it was found necessary to prescribe rules by which cases should be carried into that Court. The secoud rule provides that “ no cause shall be placed on the docket of the Court of Errors, unless by order of the Appeal Court in which the cause was heard or opened.” The rule, then, is, that the Appeal Court shall determine whether there is a constitutional question involved in the case. No one, I presume, will deny that the powers granted to Congress are exclusive, and that no State can pass laws to defeat or destroy the effect of any Act of Congress passed in pursuance of the Constitution. Congress has power to regulate commerce with foreign nations and between the States. If Congress should pass a law authorizing the importation of any article of commerce, on payment of a duty, or even without, no State can pass a.law prohibiting the importation. But this inhibition of the exercise of State sovereignty exists no longer than the article remains a part of the foreign commerce of the country. As soon as it passes into the-hands of the retailer or the consumer, it becomes a part of the property of the citizens of the Stale, and subject to the laws of the Slate. This doctrine is recognized in the case of Brown v. The State of Maryland, and is expressly declared in the recent cases decided by the unanimous opinion of the Supreme Court of the United States, involving the constitutionality of the laws of the States of Massachusetts, New Hampshire and Rhode Island on the subject of licenses to retailers of spirituous liquors. If, then, brandy and gin in the hands of the retailer or consumer, be subject to State legislation, I do not see how it can be supposed that the Ordinance forbidding it to be kept in certain places, can be said to be any interference with the power of Congress to regulate trade. As well might it be said that because gun powder was imported and subject to duty, the State laws which prohibit the vendors of it from keeping it in their stores was in violation of the Constitution of the United States. The motion is, therefore, dismissed on all the grounds. The case of The City Council v. Conig depends on the same principles, and must share the same fate.
Richardson, O’Neall, Wardlaw and Frost, JJ. con-purred.

Motion refused.